RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
**ROBERT B. FIRPO, CA STATE BAR NO. 243991**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375
Email:  Robert.Firpo@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SARAH M. HALL,<br><br>　　　　　Defendant. | Case No._____<br><br>**COMPLAINT** |

## COMPLAINT

The United States of America files this Complaint seeking judgment and civil penalties against Defendant Sarah M. Hall for violations of the Controlled Substances Act (CSA).  *See* 21 U.S.C. §§ 801-904.

### I.  JURISDICTION

1.This is an action brought by the United States for civil monetary penalties authorized by the CSA for prohibited acts outlined in 21 U.S.C. § 842(a).  *See also* 21 U.S.C. § 842(c) (authorizing civil penalties).  The Court has jurisdiction over the subject matter of this case pursuant to both 28 U.S.C. § 1355 and 28 U.S.C. § 1345.

**COMPLAINT - 1**

## II. PARTIES

2. Plaintiff, the United States, is a sovereign nation acting on behalf of the U.S. Drug Enforcement Administration (DEA).

3. Defendant Sarah M. Hall is a nurse practitioner and resident of Boise, Idaho. Defendant resides within the jurisdiction of this Court and practices as a nurse practitioner in the District.

## III. VENUE

4. Venue is proper in the District of Idaho because (a) Defendant resides and/or conducts business within the District, (b) a substantial portion of the events giving rise to the action occurred in the District, and (c) the civil penalties sought by the United States accrued in the District. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 1395(a). Pursuant to District of Idaho Local Civil Rule 3.1, venue is proper in the District's Southern Division.

## IV. CONTROLLED SUBSTANCES ACT

5. Congress passed the Controlled Substances Act (CSA) in 1970 after determining that the illegal distribution and improper use of controlled substances had "a substantial and detrimental effect on the health and general welfare of the American people." *See* 21 U.S.C. § 801.

6. The CSA governs the manufacture, distribution, and dispensation of controlled substances in the United States. A "controlled substance" is any drug or other substance included in schedule I, II, III, IV, or V of the CSA, and includes phentermine, diethylpropion, phendimetrazine, and testosterone. *See* 21 U.S.C. § 802(6).

7. Because one of the goals of the CSA is to prevent the diversion of drugs from legitimate to illegitimate channels, the CSA established a closed regulatory system in which it is

unlawful to manufacture, distribute, dispense or possess any controlled substance except in a manner authorized by the CSA.

8. In order to track the legitimate dispensation of controlled substances by health care professionals, the CSA requires practitioners that wish to write prescriptions for controlled substances to register with the DEA. *See* 21 U.S.C. § 822(a)(2); 21 U.S.C. § 802(10) (definition of term "dispense"); 21 U.S.C. § 802(21) (definition of "practitioner); *see also* Idaho Code 37-2716(a) (requiring prescribers in Idaho to obtain a similar registration from the State of Idaho). Practitioners registered with the DEA to dispense controlled substances are authorized to dispense only to "the extent authorized by their registration," and must do so in conformity with the other provisions of the CSA. *See* 21 U.S.C. § 822(b); *see also* Idaho Code 37-2716(c).

9. The CSA requires that a practitioner obtain a separate registration from the DEA at each principal place of business or professional practice where the applicant manufactures, distributes, or dispenses controlled substances. *See* 21 U.S.C. § 822(e); 21 C.F.R. § 1301.12; *see also* Idaho Code 37-2716(f) (similar requirement under Idaho law). Thus, a practitioner that maintains a medical practice in a state and wishes to write prescriptions for controlled substances to patients in that state must be registered with the DEA for dispensing in that state. If a practitioner administers controlled substances directly to patients as a regular part of her professional practice, each location where the administration of controlled substances occurs must be separately registered with the DEA.

10. Once the DEA grants an application for a registration, it issues the practitioner a certificate of registration. *See* 21 C.F.R. § 1301.35. The certificate of registration includes the name, address, and registration number of the registrant. After receiving the certificate, the registrant must thereafter maintain the certificate "at the registered location" in a readily

retrievable manner.  21 C.F.R. § 1301.35(c).  An applicant may not prescribe or administer controlled substances without a valid certificate of registration for the location where those activities occur.

11.     Under the CSA, a prescription for a controlled substance can only be issued by a practitioner who is: (1) authorized to prescribe controlled substances by the jurisdiction in which she is licensed; and (2) registered with the DEA in the state where the prescription is issued.  *See* 21 U.S.C. § 822; 21 C.F.R. § 1306.03.

12.     In order for a prescription for a controlled substance to be valid, it must be issued for a legitimate medical purpose and in the usual course of professional practice.  *See* 21 C.F.R. § 1306.04.  In addition, a prescription for a controlled substance must comply with additional regulatory requirements, including that such prescriptions be dated and signed on the date of issuance, and bear the name, address, and registration number of the practitioner.  *See* 21 C.F.R. § 1306.05.

13.     A practitioner that regularly engages in the dispensing or administering of controlled substances and thereafter charges patients for the substances so dispensed or administered must create and maintain certain records and inventories of the controlled substances dispensed or administered as part of their practice.  *See* 21 U.S.C. § 827; 21 C.F.R. § 1304.03(a)-(d).  Among other things, such practitioners must maintain complete and accurate initial and biennial inventories of controlled substances dispensed or administered as part of their practice.  *See* 21 U.S.C. § 827(a); 21 C.F.R. § 1304.11.

**COMPLAINT - 4**

## V.  FACTUAL BACKGROUND

14. Defendant Sarah M. Hall is a nurse practitioner currently residing in Boise, Idaho. Defendant is licensed as a nurse with the state boards of nursing in Idaho, Florida, and other states.

15. Before practicing nursing in Idaho, Defendant practiced nursing in other states, including at least Florida and Arizona.

16. In and around 2018, Defendant practiced as a nurse practitioner at Joshua Tree Pediatrics in Kingman, Arizona. The DEA issued Defendant a certificate of registration so that Defendant could prescribe controlled substances as part of her nursing practice in that state. In addition, Defendant acquired a registration to prescribe controlled substances from the State of Arizona.

17. In 2019, Defendant moved to Florida and began to practice nursing at Sunshine Pediatrics in Lutz, Florida. Defendant applied to change her DEA registered address to her new principal place of business in Florida as part of her move to that state. The DEA granted the application and issued Defendant a new certificate of registration allowing her to prescribe controlled substances in Florida. In addition to changing her registered DEA address, Defendant also acquired a license to prescribe controlled substances from the State of Florida.

18. On information and belief, Defendant moved to Idaho in the summer of 2019.

19. Beginning in summer of 2019, Defendant began practicing nursing in Idaho from principal places of business in Idaho. Defendant's nursing practice included issuing prescriptions for controlled substances and administering controlled substances directly to patients. Since approximately August 2019, Defendant conducted nursing activities from one or all of the following locations:

COMPLAINT - 5

      a.    Vitality Wellness Center
           2483 East Fairvew Ave.
           Meridian, ID  83642

      b.    All Seasons Mental Health
           6933 W. Emerald St.
           Boise, ID  83704

      c.    2495 E. Red Cedar Ln.,
           Apt. # W202
           Boise, ID  83716

20. Between August 15, 2019 and October 24, 2019, Defendant wrote prescriptions for controlled substances to patients she saw and treated in Idaho as part of her nursing practice in Idaho. However, at no time during the period from August 15, 2019 to October 24, 2019, did Defendant have either of the following:

      a.    a certificate of registration from the DEA authorizing Defendant to prescribe controlled substances while practicing as a nurse in Idaho, or

      b.    a registration to prescribe controlled substances in Idaho from the Idaho State Board of Pharmacy.

21. In addition, and during the same period of time, Defendant wrote multiple misleading and invalid prescriptions using a prescription pad created for a different practitioner. The invalid and illegitimate prescriptions failed to include Defendant's complete name and/or other required information, and, in their final form, appeared to have been authorized by a separate practitioner.

22. Between at least September 1, 2019 and December 6, 2019, Defendant acquired and administered controlled substances, including testosterone cypionate, to patients as part of her practice at Vitality Wellness Center. However, at no time during the period from September 1, 2019 to December 6, 2019, did Defendant have a certificate of registration from the DEA that

authorized her to acquire and/or administer controlled substances as part of her practice at Vitality Wellness Center in Idaho. In addition, upon acquiring controlled substances, Defendant failed to timely create and maintain complete and accurate inventories of controlled substances as required by the CSA for practitioners administering controlled substances.

## VI. CLAIMS FOR RELIEF

### CLAIM #1
### Violation of 21 U.S.C. § 842(a)(1)
### Dispensing controlled substances by means of invalid prescriptions

23. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-22, as if set forth in full at this place.

24. Between August 15, 2019, and October 24, 2019, Defendant did the following:

   a. practiced nursing in Idaho and saw patients in Idaho,

   b. wrote 86 prescriptions for controlled substances to Idaho patients, including prescriptions for phentermine, phendimetrazine, diethylproprion and testosterone, and

   c. listed an address for Vitality Wellness Center in Meridian, ID on prescriptions written to her Idaho nursing patients, even though Defendant was not registered by the DEA in Idaho to dispense controlled substances at that address or any other address in the State of Idaho.

25. Phentermine and diethylpropion are Schedule IV controlled substances under the CSA, while phendimetrazine and testosterone are Schedule III controlled substances under the CSA.

26. At all times between August 15, 2019 and October 24, 2019, Defendant was only registered by the DEA to prescribe controlled substances as part of her practice in Florida.

**COMPLAINT - 7**

27. At all times between August 15, 2019 and October 24, 2019, Defendant lacked a registration from the Idaho State Board of Pharmacy that would allow her to prescribe controlled substances in Idaho.

28. Because Defendant lacked a registration or license to prescribe controlled substances in Idaho from both the DEA and the Idaho State Board of Pharmacy, Defendant was not entitled to issue prescriptions to Idaho patients as part of her Idaho nursing practice between August 2019 and October 24, 2019. *See* 21 C.F.R. § 1306.03. As a result, the 86 prescriptions issued by Defendant during that period were invalid and issued outside the course of usual professional practice. *See* 21 C.F.R. § 1306.04.

29. A DEA registration in one state does not authorize a practitioner to prescribe controlled substances in another state.

30. Defendant is subject to the registration requirements outlined in Part C of the CSA. *See* 21 U.S.C. §§ 821-832.

31. Defendant violated 21 U.S.C. § 842(a)(1) when she dispensed controlled substances by means of invalid prescriptions on 86 separate occasions. *See also* 21 C.F.R. § 1306.04. The CSA authorizes civil penalties for up $67,627 for each violation of 21 U.S.C. § 842(a)(1). *See* 21 U.S.C. § 842(c)(1)(A); 28 C.F.R. § 85.5.

**CLAIM #2**
**Violation of 21 U.S.C. § 842(a)(2)**
**Dispensing controlled substances not authorized by the registrant's DEA registration**

32. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-31, as if set forth in full at this place.

33. Defendant was required to obtain a separate DEA registration before dispensing controlled substances in Idaho as part of her nursing practice in Idaho. 21 U.S.C. § 822(e)(1).

**COMPLAINT - 8**

34. When Defendant dispensed controlled substances in Idaho by means of prescriptions without first obtaining a separate DEA registration for her practice in Idaho, she violated 21 U.S.C. § 822(e)(1) and 21 C.F.R. § 1301.12.

35. Because Defendant dispensed controlled substances in a manner not authorized by her registration, Defendant violated 21 U.S.C. § 842(a)(2).

36. Failure to obtain an appropriate DEA registration is a strict liability offense.

37. The CSA authorizes civil penalties for up $67,627 for each violation of 21 U.S.C. § 842(a)(2). *See* 21 U.S.C. § 842(c)(1)(A); 28 C.F.R. § 85.5.

### CLAIM #3
### Violation of 21 U.S.C. § 842(a)(2)
**Administering controlled substances at a location not authorized by the registrant's DEA registration**

38. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-37, as if set forth in full at this place.

39. Defendant was required to obtain a separate DEA registration for each and every location where she intended to administer controlled substances directly to patients as part of her nursing practice in Idaho. 21 U.S.C. § 822(e)(1); 21 C.F.R. § 1301.12(a)-(b).

40. Defendant administered the controlled substance testosterone cypionate to Idaho patients on at least six occasions between September 1, 2019 and December 6, 2019. Defendant administered those controlled substance as a regular part of her practice at Vitality Wellness Center in Meridian, Idaho.

41. When Defendant administered controlled substances to patients from Vitality Wellness Center without being registered to administer at that location by the DEA and/or the State of Idaho, she violated 21 U.S.C. § 822(e)(1) and 21 C.F.R. § 1301.12.

**COMPLAINT - 9**

42. Because Defendant dispensed controlled substances (by means of administering those controlled substances) in a manner not authorized by her registration, Defendant violated 21 U.S.C. § 842(a)(2). Defendant violated 21 U.S.C. § 842(a)(2) in this manner on at least six (6) occasions.

43. Failure to obtain an appropriate DEA registration is a strict liability offense.

44. The CSA authorizes civil penalties for up $67,627 for each violation of 21 U.S.C. § 842(a)(2). *See* 21 U.S.C. § 842(c)(1)(A); 28 C.F.R. § 85.5.

### CLAIM #4
### Violation of 21 U.S.C. § 842(a)(5)
### Recordkeeping Violations

45. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-44, as if set forth in full at this place.

46. Defendant regularly engaged in the dispensing or administering of controlled substances as part of her practice at Vitality Wellness Center in Meridian, Idaho. As part of that practice, Defendant and/or Vitality Wellness Center charged patients for controlled substances that were administered to them by Defendant.

47. As a DEA registrant regularly engaged in administering controlled substances, the CSA required Defendant to maintain accurate and complete records and inventories of the controlled substances she acquired. *See* 21 U.S.C. § 827(a); 21 C.F.R. § 1304.03. Among other things, the CSA required Defendant to maintain an accurate and complete initial inventory of controlled substances. *Id.*; *see also* 21 C.F.R. § 1304.11(a)-(b).

48. Defendant acquired the controlled substance testosterone cypionate from Empower Pharmacy in September 2019. Defendant, however, failed to accurately and completely prepare and maintain an initial inventory that accounted for the newly acquired

**COMPLAINT - 10**

testosterone in a manner consistent with the DEA's inventory requirements. *See, e.g.*, 21 C.F.R. § 1304.11(e)(1), (e)(6). Accordingly, Defendant violated 21 U.S.C. § 842(a)(5).

49. The CSA authorizes a penalty of up to $15,691 for each violation of 21 U.S.C. § 842(a)(5). *See* 21 U.S.C. § 842(c)(1)(B); 28 C.F.R. § 85.5.

## CLAIM #5
### Violation of 21 U.S.C. 842(a)(1)
### Misleading prescriptions that failed to meet the minimum requirements of a valid prescription

50. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-49, as if set forth in full at this place.

51. Between August 2019 and October 20, 2019, Defendant issued multiple prescriptions to patients using a prescription pad created for use by a different practitioner at Vitality Wellness Center. In using said prescription pad, Defendant issued misleading and invalid prescriptions that lacked Defendant's name and/or other information required by the CSA and its governing regulations. *See, e.g.* 21 C.F.R. § 1306.05. The result was that Defendant dispensed controlled substances through invalid prescriptions, and further, dispensed controlled substances in a confusing and misleading matter that made it appear as though the prescriptions issued by Defendant were being issued by a separate practitioner altogether.

52. Defendant violated 21 U.S.C. § 842(a)(1) when she dispensed controlled substances by means of invalid prescriptions that lacked information required by law and were otherwise confusing and misleading. *See also* 21 C.F.R. § 1306.04. The CSA authorizes civil penalties for up $67,627 for each violation of 21 U.S.C. § 842(a)(1). *See* 21 U.S.C. § 842(c)(1)(A); 28 C.F.R. § 85.5.

**COMPLAINT - 11**

**PRAYER FOR RELIEF**

Based on the allegations and claims described above, Plaintiff United States seeks the following:

(a) A declaration that Defendant violated the CSA as alleged in the Complaint,

(b) Judgment and civil penalties against Defendant for each violation of the CSA as authorized by 21 U.S.C. § 842(c), and outlined in the five claims above,

(c) Interest at the legal rate from the date of entry of judgment, and

(d) Any other relief as this Court deems just and proper.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Robert B. Firpo*
ROBERT B. FIRPO
Assistant United States Attorney

**COMPLAINT - 12**